SCOTT ERIK ASPHAUG
Acting United States Attorney
District of Oregon
**THOMAS S. RATCLIFFE, ILSB #6243708**
Assistant United States Attorney
Thomas.Ratcliffe@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:20-cr-497-BR** |
| **v.** | |
| | **PLEA AGREEMENT** |
| **JEFFREY RICHARD SINGER,** | |
| **Defendant.** | |

1.     **Parties and Scope**:  This constitutes the plea agreement between the United States Attorney's Office for the District of Oregon ("USAO") and defendant in the above-captioned case.  This plea agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

2.     **Deadline**:  This plea offer expires if not accepted by March 31, 2021, at 9:00 a.m., and may be revoked by the USAO at any time prior to entry of a guilty plea.

**Plea Agreement –** *United States v. Singer*                                         **Page 1**
Def. Initials _JS_____

## THE OFFENSE

3.    **Charge**: Defendant agrees to plead guilty to Count 2 of the Indictment, charging

Theft of Government Property (as a misdemeanor), in violation of 18 U.S.C. § 641.

4.    **Penalties**: Defendant understands that Count 2 of the Indictment carries the

following penalties:

A.    A maximum sentence of one (1) year of imprisonment;

B.    A maximum fine of $100,000;

C.    A $25 fee assessment; and

D.    A maximum term of supervised release of one (1) year.

Defendant agrees to pay the fee assessment at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during

which defendant will be subject to certain restrictive conditions and requirements.  Defendant

further understands that, if defendant violates one or more of the conditions or requirements of

supervised release, defendant could be returned to prison for all or part of the term of supervised

release that was originally imposed.  This could result in defendant serving a total term of

imprisonment greater than the statutory maximum stated above.

Defendant understands, as a part of any sentence and in addition to any term of

imprisonment and/or fine that is imposed, the Court may order defendant to pay restitution to any

victim of the offense, as required by law.

5.      **Elements of the Offense**:  In order for defendant to be found guilty of Count 2 of the Indictment, charging Theft of Government Property (as a misdemeanor), in violation of 18 U.S.C. § 641, the government must prove the following elements beyond a reasonable doubt:

First, on or about September 19, 2020, in the District of Oregon, defendant knowingly stole a thing of value not exceeding $1,000 in value; and

Second, that thing belonged to the United States.

6.      **Factual Basis**:  Defendant has fully discussed the facts of this case and any potential defenses with defense counsel.  Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas.  The following facts are true and undisputed:

On September 19, 2020, in Portland, Oregon, the defendant stole the United States flag from the Gus J. Solomon U.S. Courthouse.  The flag had a value of less than $1,000.  It was the property of the United States Government.

Defendant agrees that these facts may be admitted into evidence in any future proceeding (notwithstanding Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence) and that the USAO may rely on other facts and evidence in any other stage of these proceedings, including at sentencing.

## SENTENCING FACTORS AND SENTENCING RECOMMENDATIONS

7.      **Sentencing Guidelines Calculations**:  The parties agree that the Court must first determine the applicable advisory guidelines range, then determine a sentence considering that range and the sentencing factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.  The USAO and defendant agree that the following sentencing guidelines

**Plea Agreement – *United States v. Singer***                                      **Page 3**

**Def. Initials** _JS_

calculations apply and agree that no other specific offense characteristics, cross-references, aggravating or mitigating factors as set forth in USSG Chapters Three and Five apply.

| | | Guidelines Provision | Levels |
|---|---|---|---|
| A. | | Base Offense Level: USSG § 2B1.1 | 6 |
| B. | | Acceptance of Responsibility: USSG § 3E1.1 | 2 |
| C. | | **Adjusted Offense Level** | 4 |

8.      **Reduction for Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility for defendant's unlawful conduct in this case as explained in USSG § 3E1.1. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, fails to appear, disobeys a court order, or takes any other action inconsistent with acceptance of responsibility as explained in USSG § 3E1.1.

The USAO also reserves the right to refuse to recommend that defendant receive a reduction for acceptance of responsibility if, in relation to sentencing, defendant takes any position contrary to defendant's admission of guilt set forth in this agreement.

9.      **No Agreement as to Criminal History Category**: The USAO and defendant have no agreement as to defendant's Criminal History Category.

**Plea Agreement – *United States v. Singer***                                                    **Page 4**

**Def. Initials** *JS*

10.    **Joint Sentencing Recommendation under 18 U.S.C. § 3553**:

The parties jointly recommend a sentence of time served, as long as defendant

demonstrates an acceptance of responsibility as explained above.  The parties further recommend

that the Court impose a one-year term of supervised release and no fine.

11.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the

presentence report ("PSR") writer and the Court of the law, facts of this case, and bases for its

sentencing recommendations.  The USAO's good-faith efforts to provide truthful information or

to correct factual misstatements shall not be grounds for defendant to withdraw defendant's

guilty pleas.  Except as set forth in this agreement, the USAO and defendant reserve all other

rights to make sentencing recommendations and to respond to motions and arguments by the

opposition.

12.    **Court Not Bound**: This agreement is made under Federal Rule of Criminal

Procedure 11(c)(1)(B).  The Court is not bound by the recommendations of the parties or the

PSR writer.  Defendant may not withdraw any guilty plea or rescind this plea agreement if the

Court does not follow the agreements or recommendations of the parties or the PSR writer.

**DEFENDANT'S WAIVERS, ACKNOWLEDGMENTS, AND STIPULATIONS**

13.    **Defendant's Waiver of Trial Rights**: Defendant understands that, if the court

accepts defendant's pleas of guilty pursuant to this agreement, defendant waives the rights to:

A.    Persist in the pleas of not guilty and to require the government to prove each of
the elements of the crimes charged beyond a reasonable doubt;

B.    Have a speedy and public trial by jury;

**Plea Agreement –** *United States v. Singer*                                                              **Page 5**

Def. Initials __JS__

C.   Have the assistance of counsel at trial and at every other stage of the proceedings against defendant, and to have the court appoint counsel to represent defendant if defendant is unable to retain counsel;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and to present evidence on behalf of defendant;

F.   To compel the attendance of witnesses; and,

G.   Not testify and not have any adverse inferences drawn from the failure to testify.

14.   **Defendant's Representation that Guilty Plea is Knowing and Voluntary:**

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges, any potential defenses, and the consequences of pleading guilty;

B.   Defendant is satisfied with defense counsel's advice and representation;

C.   Defendant understands that, by pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civil rights, such as the right to vote, the right to possess a firearm, the right to hold public office, and the right to serve on a jury;

*[handwritten margin note: if a felony conv.]*

D.   Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences if defendant is not a U.S. citizen; revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license. No such consequence will serve as grounds to withdraw defendant's guilty plea. Defendant acknowledges and agrees that defendant's attorney has explained this, and nevertheless, defendant still wants to plead guilty;

E.   No one has made any promises or offered any rewards in return for this guilty plea other than those contained in this agreement or otherwise disclosed to the court;

F.   No one has promised or guaranteed what sentence the Court will impose;

**Plea Agreement –** *United States v. Singer*                                    **Page 6**

Def. Initials _JS_

G.    No one has threatened defendant or defendant's family to induce this guilty plea; and

H.    Defendant is pleading guilty because, in truth and in fact, defendant is guilty.

15.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds except that defendant may appeal defendant's sentence if it exceeds the statutory maximum sentence or the high-end of the advisory guideline range as calculated by the Court.

Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except for a claim defendant received ineffective assistance of counsel. In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

16.    **Breach of Plea Agreement**: Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A.    Attempting to withdraw the guilty plea;

B.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence as discussed above;

C.    Engaging in any criminal conduct from the time of signing this agreement until the time of sentencing; or

**Plea Agreement – *United States v. Singer***                                    **Page 7**

Def. Initials _JS_

D.      Taking, arguing for, or urging the Court to adopt any position that is materially inconsistent with the provisions in this agreement, which includes asking or suggesting that the Court impose a sentence lower than that set forth in this agreement.

If defendant breaches the terms of this agreement, or commits any new criminal offenses between entering the guilty plea and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea or rescind any waiver of appeal and post-conviction relief as contained in this agreement.

If defendant believes that the USAO has breached the plea agreement, defendant must raise the breach to the district court prior to the sentencing hearing.  Failure to raise a breach claim before the sentencing hearing will constitute a waiver.

## GOVERNMENT'S WAIVERS, ACKNOWLEDGMENTS, AND STIPULATIONS

17.     **Dismissal/No Prosecution**:  So long as defendant is convicted and sentenced in conformity with this agreement, the USAO will move at the time of sentencing to dismiss any remaining counts against defendant (Count 1) and will forgo filing or seeking any new or additional charges against defendant in the District of Oregon arising out of this investigation so long as all material facts underlying such charges are known to the USAO at the time of this agreement.

## ADDITIONAL ACKNOWLEDGEMENTS

18.     **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.

**Plea Agreement – *United States v. Singer***                                                **Page 8**

Def. Initials _JS_

19.    **Plea Agreement Part of the Record**: The USAO and defendant agree that this

plea agreement will be considered part of the record of defendant's guilty plea hearing as if the

entire agreement had been read into the record of the proceeding.

AGREED and ACCEPTED

SCOTT ERIK ASPHAUG
Acting United States Attorney


**/s/ Thomas S. Ratcliffe**                          **March 8, 2021**
THOMAS S. RATCLIFFE                          Date
Assistant United States Attorney


    I have carefully reviewed and discussed every part of this plea agreement with my
attorney, and I am satisfied with my attorney's advice and representation. I understand and
voluntarily agree to the terms of this agreement. I expressly waive my rights, including trial and
appellate rights, as outlined in this agreement. I wish to plead guilty because, in truth and in fact,
I am guilty. I swear under penalty of perjury that the facts in the Factual Basis paragraphs of this
agreement are true.


_Jeff Singer_                                    **3-21-21**

Jeffrey Richard Singer                          Date
Defendant


    I represent defendant as legal counsel. I have carefully reviewed and discussed every
part of this plea agreement with defendant. I have fully advised defendant of defendant's rights,
of possible pretrial motions, of possible defenses that might be asserted either prior to or at trial,
of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, of the appellate waiver, and of the consequences of entering into this agreement and
pleading guilty. To my knowledge, defendant's decisions to make this agreement and to plead
guilty are informed and voluntary ones.


_Francesca Freccero_                          **3/21/21**

Francesca Freccero                          Date
Attorney for Defendant

**Plea Agreement –** *United States v. Singer*                          **Page 9**

**Def. Initials** _JS_