Francesca Freccero, OSB #96287
Office of the Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
(503) 326-2123 Telephone
(503) 326-5524 Facsimile
francesca_freccero@fd.org

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:20-cr-00497-BR |
| Plaintiff, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| JEFFREY RICHARD SINGER, | |
| Defendant. | |

Defendant Jeffrey Singer submits this Memorandum regarding sentencing.

Mr. Singer will appear before this Court to be sentenced following his guilty plea to the crime of misdemeanor theft, in violation of 18 U.S.C. § 641. The parties jointly will recommend a sentence of "time served," followed by one year of supervised release, a sentence consistent with the advisory Guideline range and all statutory principles of sentencing.

Page 1    DEFENDANT'S SENTENCING MEMORANDUM

Since he was released under pretrial supervision on October 21, 2020, Mr. Singer has respected all orders from any lawful authority. He has been subject to a curfew of 8:30 p.m. to 6:30 a.m. and never has violated that condition. He sought and maintained fulltime employment. When he appears at his sentencing hearing, he respectfully will ask that this Court impose the sentence jointly recommended by the parties and U.S. Probation.

In this Memorandum, Mr. Singer offers his objections to the Presentence Report (PSR). No objections were made or considered before issuance of the final report, because of the timing of the sentencing hearing in this case.

I.     Mr. Singer does not abuse opioids.

At one point in March, the Pretrial Services Office informed Mr. Singer that a urinalysis sample he had provided was tested, and the presence of opioids was confirmed. Mr. Singer does not abuse opioids, and opioid use was inconsistent with any of his history. He had not knowingly consumed any substance that would cause a positive test result. The Pretrial Services Office recommended no action on that urinalysis test. PSR ¶ 14.

Because that urinalysis test is part of the history of Mr. Singer's time on pretrial supervision, some reference to it in the PSR is warranted. However, the PSR actually emphasizes that history, listing it not only in ¶ 14, but also in the "Justification" section and in the section pertaining to Mr. Singer's history of

substance abuse, PSR ¶ 56.  Those latter two entries incorrectly imply that Mr. Singer has abused opioids.  Mr. Singer objects to the inclusion of that information in the "justification" section and in ¶ 56, as using opioids is not part of his history of substance abuse, and the inclusion of that information will misinform his supervising probation officer.

> II.   The PSR is incomplete in its reporting of the restrictions of Mr. Singer's liberty that have been conditions of his pretrial release and with which Mr. Singer consistently has complied.

Mr. Singer has been subject to a curfew from 8:30 p.m. to 6 a.m. every day since October 21, 2020.  When, in January 2021, it became difficult for Mr. Singer to comply with the evening curfew on days when he had to provide a sample for urinalysis at the testing center on the other side of town, Mr. Singer moved without opposition to amend the Order Setting Conditions to grant the pretrial officer the discretion to modify the curfew hours as needed.  *See* docket entry #13.  The Honorable Youlee Y. You granted the motion, docket entry #14, but, because Mr. Singer later changed both his residence and work address, he did not need to avail himself of new curfew hours.  The curfew is one of the several conditions that Mr. Singer has respected without exception during his eight months on pretrial release.

Mr. Singer does not seek an amendment to the PSR to note this history, but he did want to bring it to this Court's attention.

    III.    Mr. Singer is appropriately assigned to Criminal History Category II, not Criminal History Category III.

The PSR also assigns Mr. Singer to Criminal History Category III, based on the calculation of 4 criminal history points. ¶ 41. One point is assigned for the disorderly conduct conviction described in ¶ 38, for which Mr. Singer was sentenced to one year of bench probation. Convictions for disorderly conduct are scored only if the period of bench probation is longer than one year, or if the "prior offense was similar to an instant offense." USSG § 4A1.2(c)(1). The sentence was not longer than one year, and the conviction as described in this paragraph is not similar to the instant theft offense. Accordingly, that sentence should not be scored.

The total number of criminal history points is three, resulting in Mr. Singer's assignment to Category II. The advisory sentencing Guideline range remains unchanged whether he is assigned to Category II or III: 0-6 months in Zone A of the Sentencing Table.

    IV.    A condition of further incarceration or community confinement is not warranted.

In its "Justification" section, the Probation Office advises that, notwithstanding its recommendation of a term of supervised release without further confinement, this Court has the authority to impose confinement as a condition of that supervision, citing USSG § 5B1.1(a), n. 1. That is always true when the

sentencing range is in Zone A of the Sentencing Table.  An additional clarification is necessary, however.  Under the Guidelines, discretionary conditions of supervised release may be imposed only to the extent that such conditions:

> (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; *and*
> (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above.

USSG § 5D1.3 (b) (emphasis added).

    Those enumerated purposes for discretionary conditions of supervised release are the familiar goals of sentencing set out in 18 U.S.C. § 3553(a), with the notable omission of § 3553 (a)(2)(A), the "need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  Accordingly, discretionary conditions of supervised release are not to be imposed for purposes of punishment.  Because USSG § 5D1.3 (d)(2) *also* instructs the court not to impose conditions that result in any greater deprivation of liberty than is reasonably necessary, it is clear that discretionary terms of community confinement or incarceration are not warranted absent unusual circumstances unrelated to punishment.

Page 5    DEFENDANT'S SENTENCING MEMORANDUM

In this case, Mr. Singer has been subject to a community confinement condition for the eight months of his pretrial supervision. He has complied with those restrictions every day. He has demonstrated that he has been deterred from additional unlawful behavior, and there is no need to protect the public to any greater extent than is accomplished by a term of supervised release without confinement. As a matter of discretion, no additional community confinement or incarceration is warranted.

For the foregoing reasons and for reasons submitted in the confidential supplement to the PSR, Mr. Singer respectfully asks this Court to sentence him to "time served," followed by a one-year term of supervised release.

Respectfully submitted on June 16, 2021.

       */s/ Francesca Freccero*
       Francesca Freccero
       Assistant Federal Public Defender