SCOTT ERIK ASPHAUG
Acting United States Attorney
District of Oregon
**THOMAS S. RATCLIFFE, ILSB #6243708**
Assistant United States Attorney
Thomas.Ratcliffe@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:20-cr-00497-BR |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JEFFREY RICHARD SINGER,** | |
| Defendant. | |

### Introduction

The defendant stole the U.S. flag from the Gus J. Solomon federal courthouse in Portland, carried it several blocks while marching in the streets with a crowd, and destroyed it in front of the Portland Police Bureau's Central Precinct building.  The government asks the Court to sentence the defendant to time served, plus one year of supervised release, and to order restitution of $218.50.

**Factual Background**

A.   **The Offense Conduct**

The PSR accurately describes the defendant's conduct on September 19, 2020.  (PSR ¶¶ 15-18.)  As part of a protest that night, the defendant stole the U.S. flag from federal property, carried it to the PPB Central Precinct building, and destroyed it by setting it ablaze.  Special agents from Homeland Security Investigations watched him do those things.  Agents also watched him break several Starbucks windows with a baton.

The PSR also accurately recounts the defendant's conduct two weeks later during similar protests that escalated into violence when the defendant charged directly at an officer who was trying to apprehend him, injuring the officer's thumb.  (PSR ¶¶ 19-20.)  That conduct, of course, is not directly related to the defendant's guilty plea, but indicates the defendant's recurring role in the nightly violence in Portland last summer and fall.

B.   **The Charges**

The defendant was indicted on October 20, 2020, for two counts: (1) Civil Disorder, in violation of Title 18 of the United States Code, Section 231(a)(3) (a felony), and (2) Theft of Government Property, in violation of Title 18 of the United States Code, Section 641 (as a misdemeanor).  He pled guilty in late March.

C.   **The Plea Agreement & Guideline Computations**

The government agrees with the following PSR computations:

| Guidelines Provision | Government's Position |
| --- | --- |
| Base - USSG § 2B1.1 | 6 (not contested) |
| Acceptance of Responsibility – USSG § 3E1.1(a) | - 2 (not contested) |
| **Total Offense Level** | 4 |

| Resulting Guideline Range In Criminal History Category III | 0 – 6 months (Zone A) |
|---|---|

**Argument**

    **A.**    **Contested Guideline Issues**

The government does not contest the guidelines calculations. The applicable guideline range is 0 to 6 months of imprisonment in Zone A.

    **B.**    **Government's Recommended Sentence**

The government acknowledges and appreciates the defendant's success during pretrial supervision, particularly because the defendant avoided becoming involved in further protest-related violence in Portland.

Stealing government property from outside a federal courthouse in Portland last fall was not the crime of the century, the decade or even the year. But it was a crime, and the defendant deserves to be punished for it. His misdemeanor conviction and continuing supervision are adequate to account for the seriousness of his offense.

The government submits that, under the facts of this case, a sentence of time served and one year of supervised release is sufficient, will promote respect for the law, and will provide just punishment for this defendant. Such a sentence will provide adequate deterrence to criminal conduct and protect the public.

    **C.**    **Forfeiture & Restitution**

Forfeiture is not an issue in this case.

Restitution is appropriate to compensate the federal government for the loss of its property. The government recently submitted to defense counsel proof that the type of flag the defendant destroyed costs $218.50. The government seeks restitution of $218.50.

**Government's Sentencing Memorandum**                                                                           **Page 3**

**Conclusion**

The government recommends the Court impose a sentence of time served, one year of supervised release, a $100 special assessment, and restitution of $218.50.

Dated: June 16, 2021

Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney


**/s/ Thomas S. Ratcliffe**
THOMAS S. RATCLIFFE, ILSB #6243708
Assistant United States Attorney